# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# STATESVILLE DIVISION
# 5:06CV131-3-V
# 5:01CR12-V

| | |
|---|---|
| RICHARD LYNN WILLIAMS, )<br>)<br>Petitioner, )<br>v. )<br>)<br>UNITED STATED OF AMERICA, )<br>)<br>Respondent. ) | **ORDER** |

**THIS MATTER** comes before the Court upon the Petitioner's Motion to Vacate, Set Aside, or Correct Sentence (Document No. 1); Petitioner's Motion to Expand the Record (Document No. 2) and Petitioner's "Motion to Acquire Transcripts," (Document No. 3) all filed October 3, 2006.

After careful review of Petitioner's Motion to Vacate and case file, the undersigned finds that the United States Attorney should file an Answer detailing Petitioner's allegations and responding to each.

By his Motion to Expand the Record, Petitioner asks that this Court consider Exhibits 1-11 as they are relevant to his claims. The Court has previewed Petitioner's exhibits and finds that they are related to the claims raised in Petitioner's Motion to Vacate. Accordingly, Petitioner's Motion to Expand the Record to include exhibits 1-11 is <u>granted</u>.

By his Motion for Transcripts, Petitioner seeks to have the Court provide him with free copies of the transcripts from his Plea and Rule 11 and Sentencing proceedings. In support of his request, Petitioner essentially asserts that he needs the requested transcripts because the claims raised

1

in his Motion to Vacate involve alleged Constitutional violations which occurred during these proceedings.

However, in order to obtain free copies of the subject transcripts, Petitioner must show that he is indigent; and that the transcripts "are needed to decide the issue presented by the suit . . . " 28 U.S.C. § 753(f). Indeed, a prisoner is not entitled to a free transcripts without a showing of need, merely to comb the record in hopes of discovering some flaw. United States v. Glass, 317 F.2d 200, 202 (4th Cir. 1963).

Here, Petitioner has not specifically identified the issue (or issues) for which he believes copies of the requested transcript is necessary. Rather, Petitioner supports his request with a general statement that his claims involve Constitutional violations which occurred during these proceedings. He does not specify what they are or what he believes the transcript will reveal regarding the alleged Constitutional violations. Furthermore, Petitioner has not established that he is indigent. Accordingly, Petitioner's Motion for Transcripts must be denied.

**NOW, THEREFORE, IT IS HEREBY ORDERED**;

1) That no later than forty (40) days from the filing of this Order, the United States Attorney shall file an Answer to Petitioner's Motion to Vacate, Set Aside, or Correct Sentence, detailing Petitioner's allegations and responding to each and

2) That Petitioner's motion to Expand the Record (Document No. 2) is GRANTED;

3) That Petitioner's "Motion to Acquire Transcripts" (Document No. 3) is DENIED.

**SO ORDERED**.

Signed: October 11, 2006

Richard L. Voorhees
United States District Judge