UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:06CV131-3-V
(5:01CR12-V)

| | |
|---|---|
| RICHARD LYNN WILLIAMS, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **O R D E R** |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| Respondent. ) | |
| ) | |

**THIS MATTER** is before the Court on Petitioner's Motion to Vacate, Set Aside, Or Correct Sentence under 28 U.S.C. § 2255 (Doc. No. 1 ); Respondent's Motion for Summary Judgment (Doc. No. 8); Petitioner's Response to Respondent's Motion for Summary Judgment (Doc. No. 10); and Petitioner's Motion to Amend (Doc. No. 11.)

For the reasons stated herein, Petitioner's Motion to Amend will be granted; Respondent's Motion for Summary Judgment will be granted; and Petitioner's Motion to Vacate will be denied and dismissed.

## I. PROCEDURAL HISTORY

The record reveals that Petitioner, Richard Lynn Williams, was indicted on May 8, 2001 for conspiracy to manufacture in excess of 500 grams of methamphetamine, in violation of 21 U.S.C. §§ 841(a) and 846(b); possession with intent to distribute in excess of 50 grams of methamphetamine, in violation of 21 U.S.C. § 841(a)(1); and using and carrying a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1). Shortly thereafter, on

1

August 3, 2001, the United States filed a notice of intention to seek enhanced penalties under 21 U.S.C. §§ 841 and 851. Based on this notice, Petitioner faced a mandatory-minimum sentence on Count One. In addition, Count Three carried a mandatory consecutive sentence of 60 months.

On March 5, 2002, Petitioner appeared in this Court and entered a guilty plea, without the benefit of a plea agreement, to the Indictment. At that time, the Court engaged Petitioner in a lengthy colloquy to ensure that his guilty plea was being tendered intelligently, knowingly, and voluntarily. The Court outlined the charges as set forth in the Indictment. Petitioner confirmed that he had discussed these charges with his attorney and that he understood them. (Transcript of Plea and Rule 11 Hearing at 4-5.) Even so, the Court then reviewed each of the charges in detail and explained what the Government would have to prove beyond a reasonable doubt in order for him to be found guilty of each of the charges. (Id. at 5-8.) The Court then asked counsel for the Government to review the potential punishment that the Petitioner faced. Counsel for the Government stated that the Petitioner faced a minimum mandatory sentence of twenty-five years in prison as a result of his guilty plea. (Id. at 8.) The Court then asked the Petitioner if that was his understanding of the punishment for the charges to which he was pleading and whether he had gone over that with his attorney. Petitioner responded in the affirmative to each of the Court's questions. (Id. at 9.) The Court reiterated to the Petitioner that he had the right to plead not guilty "or return to the not guilty plea entered earlier." The Court explained that Petitioner could exercise his right to plead not guilty anytime before the Court accepted his plea. (Id. at 15.) The Court explained that if Petitioner chose to plead not guilty, he would have the right to a trial by jury as well as numerous trial rights. (Id. at 15-16.) Petitioner stated that he understood these rights and stated that he had discussed possible defenses with his attorney. (Id. at 16, 18.) Petitioner chose to plead guilty and

told the Court he was pleading guilty because he was, in fact, guilty of the crimes charged in the Indictment. (Id. at 16.) Petitioner also told the Court that he had not been coerced into pleading guilty and acknowledged that he had no lingering questions or comments about the case and no hesitation about going forward with his plea. (Id. 17-19.) Petitioner also confirmed that he was satisfied with the representation of his attorney. (Id. at 18.) The Court then accepted Petitioner's plea, finding that it was freely and voluntarily made and that Petitioner had an understanding of the nature of the charges and the consequences of his plea. (Id. at 19.)

On December 16, 2002, Petitioner appeared before this Court for sentencing. Petitioner acknowledged that he had received a copy of his Presentence Report (PRS) and that he had reviewed and discussed it with his attorney. (Sentencing Transcript at 3.) Petitioner stipulated, through counsel, to the factual basis set forth in the PSR, specifically paragraphs 5 through 21. (Id. at 2.) However, Petitioner's counsel noted that Petitioner did have two objections to the PSR related to the drug-quantity and the six-level enhancement for creating a substantial risk of harm to the life of a minor. (Id. at 3-4.) Recognizing that these objections would not affect Petitioner's 25-year minimum sentence, counsel agreed to withdraw his objections to the PSR on the condition that he would be able to reassert them if and when the Government moved for a Rule 35 departure. The Court granted counsel the right to reassert those objections if it became relevant to do so on a Rule 35 motion. (Id. at 3-5.) Significantly, Petitioner conceded that the only objection that had any merit was the one relating to the risk of harm to a minor. (Id. at 4.) Petitioner stated that "[e]verything else is true. There ain't no need to argue about it." (Id.) Before imposing sentence, the Court reviewed the prior felony conviction notice, filed pursuant to 21 U.S.C. § 851, as well as the prior conviction itself, asking Petitioner "whether or not that is, in fact, your conviction?" Petitioner

responded that it was his conviction. (Id. at 7.)

The Court accepted and adopted the findings and calculations contained in the PSR. Based on the statutory minimum sentences required by the prior felony conviction and the charges to which Petitioner had pled guilty, the Court imposed concurrent sentences of 240 months imprisonment on Counts One and Two and a consecutive sentence of 60 months imprisonment on Count Three, for a total sentence of 300 months. In doing so, the Court emphasized that the statutory minimums controlled. (Id. at 5.)

Petitioner did not file a timely notice of appeal. However, in October 2003, Petitioner filed a motion pursuant to 28 U.S.C. § 2255 to vacate his sentence. In this petition, Petitioner challenged his conviction, asserting that his trial attorney was ineffective in failing to file an appeal despite Petitioner's request that he do so. This Court vacated its original judgment on September 8, 2004 and directed the clerk to enter a new judgment, from which a timely appeal could be taken. Shortly thereafter, Petitioner, through appointed counsel, filed an appeal in the Fourth Circuit Court of Appeals alleging that the district court violated United States v. Booker, 543 U.S. 220 (2005) by enhancing his sentence on the basis of facts neither proved beyond a reasonable doubt or stipulated to in a knowing and voluntary manner and that his plea of guilty to the firearm charge (Count Three) was not knowing and intelligently entered or supported by a factual basis. On July 11, 2005, the Fourth Circuit rejected both arguments in an unpublished per curiam opinion. Specifically, the Court held that Petitioner had knowingly and intelligently pled guilty to the firearm charge, and that there was a sufficient factual basis for the plea. In addition, the Court held that this Court had not committed error under Booker by imposing mandatory minimum sentences. See United States v. Williams, 138 F. App'x 553 (4th Cir. 2005).

On October 10, 2006, Petitioner filed the instant Motion to Vacate alleging that his sentence should be vacated on three grounds: (1) because his plea of guilty was not knowing and voluntary because of deficiencies in his Rule 11 proceeding; (2) because he received ineffective assistance of counsel at his Rule 11 hearing and at sentencing; and (3) because he received ineffective assistance of counsel from appellate counsel.

## II. ANALYSIS

### A. MOTION TO AMEND

Petitioner filed a Motion to Amend his Motion to Vacate on January 16, 2007, alleging that his trial counsel was ineffective at sentencing for stipulating to paragraphs 5 through 21 of the PSR. Petitioner alleges that counsel never discussed the stipulation or informed Petitioner that the "basis for determining his guilt was the allegations in these paragraphs." Petitioner contends that if he had known as much, he would "never allowed it to be accepted by the Court." (Motion at 2.)

Inasmuch as Petitioner's Motion to Amend is timely filed and the Government has not filed an objection to the Motion to Amend, the Court will allow amendment.

### B. CLAIMS NOT RAISED ON APPEAL ARE PROCEDURALLY DEFAULTED

Petitioner contends that his guilty plea was not knowingly and voluntarily made.[1] Specifically, Petitioner asserts that the Court and counsel failed to inform him "of the true nature" of Counts One and Two, in that the Court failed to advise him that if he exercised his right to proceed to trial, the Government would have to prove the quantity and type of drugs alleged in the

---

[1] The Court is aware that Petitioner also contends under this argument that his plea was not knowing and voluntary because counsel failed to advise him of a potentially meritorious Fourth Amendment challenge. Since this is actually an ineffective assistance of counsel claim, not subject to procedural bar, the Court will address this claim with Petitioner's other ineffective assistance of counsel claims.

5

Indictment. Defendant also claims that his plea colloquy was insufficient because the Court did not inform him of his "true statutory maximum." Next, Petitioner argues that the Court did not apprise him of "all the constitutional rights he was waiving." Finally, Petitioner contends that the Court failed "to obtain a factual basis" for his plea of guilty to Counts One and Two.

The Court notes that Petitioner raised issues on direct appeal as to whether his guilty plea to the firearm charge (Count Three) had been knowingly and voluntarily made, and whether the plea had been supported by a factual basis. Since Petitioner did not raise the issue on appeal regarding whether his guilty plea to the drug charges (Counts One and Two) was knowingly and voluntarily made, those claims are procedurally defaulted. Generally, claims that could have been, but were not raised on direct review are procedurally barred. "Habeas review is an extraordinary remedy and will not be allowed to do service for an appeal." Bousley v. United States, 523 U.S. 614, 621 (1998). It is well settled that collateral attacks under 28 U.S.C. § 2255 are limited to claims of constitutional magnitude or to errors which inherently result in a complete miscarriage of justice. See United States v. Addonizio, 442 U.S. 178, 184-86 (1979). In order to collaterally attack a conviction or sentence based upon errors that could have been but were not pursued on direct appeal, a petitioner must show cause and actual prejudice resulting from the errors complained of or that he is actually innocent.[2] See United States v. Mikalajunas, 186 F.3d 490, 492, 93 (4th Cir. 1999) (citing United States v. Frady, 456 U.S. 152, 167-68 (1982)).

Cause means some impediment. United States v. Smith, 241 F.3d 546, 548 (7th Cir. 2001). The existence of cause for procedural default must turn on something external to the defense. Murray v. Carrier, 477 U.S. 478, 488 (1986). As set forth below, Petitioner has failed to carry his

---

[2] Petitioner makes no claim of actual innocence.

burden of establishing cause. In order to establish "actual prejudice" the defendant must show "not merely that the errors at his trial create[d] a possibility of prejudice, but that they worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." Frady, 456 U.S. 167-68 (1982). In this case, Petitioner does not address why he did not raise these issues on appeal, therefore Petitioner has not met his burden in establishing cause for failing to raise these claims on direct appeal. Therefore, Petitioner's claims regarding the voluntariness of his plea to the drug charges are procedurally barred.[3]

### C. INEFFECTIVE ASSISTANCE OF COUNSEL

Petitioner claims that his trial counsel was ineffective for several reasons. First, Petitioner contends that counsel was ineffective in failing to advise him that he has a potentially meritorious Fourth Amendment challenge. Next, Petitioner alleges that "due to counsel's misadvice, he pled

---

[3] However, even if these claims were not barred, they are belied by the record which establishes that the Court reviewed the elements of Counts One and Two with Petitioner and that he was specifically informed that he faced a mandatory-minimum sentence of 20 years imprisonment on Count One. The Court then thoroughly questioned Petitioner regarding his understanding of the rights he was waiving by pleading guilty, including his right to go to trial and all the rights attendant thereto. Furthermore, with respect to Petitioner's argument that the Court failed to determine that there was a factual basis for the drug charges, a review of the sentencing transcript reveals that the Court found "that the plea is supported by a factual basis independent in nature and containing all the offense elements. (Sentencing Transcript at 2.) This finding was based on Petitioner's stipulations to the allegations contained in the PSR as well as Petitioner's admission regarding the veracity of those allegations. The Fourth Circuit has already held that this methodology was sufficient to establish a factual predicate for the gun charge, therefore it follows that it was also sufficient to establish a factual basis for the drug charges. To the extent that Petitioner also claims that the deficiencies alleged establish ineffective assistance of counsel, the record of the Plea and Rule 11 hearing as well as the Sentencing hearing, establishes that the Court's colloquy and Petitioner's answers established that his guilty plea was intelligent and voluntary. Therefore, to the extent Petitioner contends his counsel was deficient by failing to explain the Rule 11 proceeding to him, he cannot establish prejudice because the record establishes that the Court did sufficiently explain all of the alleged deficiencies of which Petitioner complains.

7

guilty to an offense he is not guilty of," - the gun charge. Petitioner suggests that trial counsel did not adequately explain the elements of this offense prior to the Rule 11 colloquy. Finally, Petitioner also contends that counsel was ineffective in failing to argue at sentencing that the sentence imposed on Counts One and Two exceeded the statutory maximum.[4] Through his Motion to Amend, Petitioner added that his counsel was ineffective for stipulating that the PSR established a factual basis for his guilty plea.

With respect to claims of ineffective assistance of counsel, a petitioner must show that counsel's performance was constitutionally deficient to the extent that it fell below an objective standard of reasonableness, and that he was prejudiced thereby. Strickland v. Washington, 466 U.S. 687-91 (1984). In making this determination, there is a strong presumption that counsel's conduct was within the wide range of reasonable professional assistance. Id. at 689; see also Fields v. Attorney Gen. Of Md., 956 F.2d 1290, 1297-99 (4th Cir.1992).

Under these circumstances, the petitioner "bears the burden of proving Strickland prejudice." Fields, 956 F.2d at 1297, citing Hutchins, 724 F.2d at 1430-31. If the petitioner fails to meet this burden, a reviewing court need not consider the performance prong." Fields, 956 F.2d at 1290, citing, Strickland, 466 U.S. at 697.

Furthermore, in considering the prejudice prong of the analysis, the Court must not grant relief solely because the petitioner can show that, but for counsel's performance, the outcome would have been different. Sexton v. French, 163 F.3d 874, 882 (4th Cir. 1998), cert. denied, 528 U.S. 855 (1999). Rather, the Court "can only grant relief under ... Strickland if the 'result of the proceeding

---

[4] This claim is dismissed as Petitioner now concedes that the claim is without merit. See Petitioner's Response to the Government's Motion for Summary Judgment at 23.

was fundamentally unfair or unreliable.'" Id., quoting Lockhart v. Fretwell, 506 U.S. 364 U.S. 364, 369 (1993).

More critically here, a petitioner who alleges ineffective assistance of counsel following entry of a guilty plea has an ever higher burden to meet. See Hill v. Lockhart, 474 U.S. at 53-57; Fields, 956 F.2d at 1294-99; and Hooper v. Garraghty, 845 F.2d 471, 475 (4th Cir.), cert. denied, 488 U.S. 843 (1988). The Fourth Circuit described the petitioner's additional burden in a post-guilty plea of ineffective assistance of counsel as follows:

> When a [petitioner] challenges a conviction entered after a guilty plea, [the] "prejudice prong of the [Strickland] test is slightly modified. Such a defendant must show that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial."

Hooper, 845 F.2d at 475; accord Hill, 474 U.S. at 59; and Fields, 956 F.2d at 1297.

In evaluating post-guilty plea claims of ineffective assistance, statements previously made under oath affirming satisfaction with counsel are deemed binding in the absence of "clear and convincing evidence to the contrary." Fields, 956 F.2d at 1299, citing Blackledge v. Allison, 431 U.S. 63, 74-75 (1977). Moreover, statements made during Rule 11 proceedings constitute strong evidence of the voluntariness of a defendant's plea. United States v. DeFusco, 949 F.2d 114, 119 (4th Cir. 1991).

A presumption exists that counsel is competent. A defendant seeking post-conviction relief bears a heavy burden to overcome this presumption. And the presumption is not overcome by conclusory allegations. Carpenter v. United States, 720 F.2d 546 (8th Cir. 1983). Indeed, the defendant bears an even heavier burden where, as here, the claim of ineffective assistance of counsel follows the entry of a guilty plea.

Turning to Petitioner's claim that his attorney was ineffective for failing to advise him that

9

he had a potentially meritorious Fourth Amendment challenge, the record does not support Petitioner's claim. At the Plea and Rule 11 hearing, Petitioner stated, under oath, that he had discussed possible defenses with his attorney and that he was satisfied with the representation and advice given. (Rule 11 Transcript at 18.) In the absence of "clear and convincing evidence to the contrary," which is not present here, Petitioner is bound by the statements he made under oath at the Rule 11 hearing. Fields, 956 F.2d at 1299. Furthermore, this testimony was corroborated by trial counsel's sworn assertions regarding his discussions with Petitioner prior to the Rule 11 hearing. (See Affidavit of trial counsel at 1-2, attached to Motion for Summary Judgment.) Specifically, trial counsel confirmed that he advised Petitioner that they "could fight at all levels and try to win a Courtroom victory or he could cooperate." (Id.) According to trial counsel, Petitioner chose the latter course of action, albeit on the morning of trial. Petitioner has not established either prong of the Strickland test and his claim that counsel was ineffective for failing to advise him of a potentially meritorious Fourth Amendment challenge is denied.

Next, Petitioner's allegation that trial counsel was ineffective in failing to adequately explain the Government's burden with respect to the gun charge is also belied by his testimony at the Rule 11 hearing regarding his discussions with counsel. Moreover, this Court specifically described each element the Government would have to prove to a jury, if Petitioner went to trial on the gun charge. (Transcript of Plea and Rule 11 hearing at 8.) Petitioner's claim that his counsel was ineffective in failing to explain the Government's burden with respect to the gun charge is not supported by the record. Furthermore, even if counsel did not explain the Government's burden, the Court did explain what the Government would have to establish in order for a jury to find Petitioner guilty of the gun charge. In fact, the Fourth Circuit specifically found that this Court adequately explained the firearm

10

charge to Petitioner. United States v. Williams, 138 F. App'x 553 (4th Cir. 2005). Therefore, Petitioner has not established either prong of the Strickland test and his claim that counsel was ineffective in failing to explain the Government's burden with respect to the gun charge is denied.

Next, Petitioner contends that counsel was ineffective in failing to object to the drug-weight calculations at sentencing. Specifically, Petitioner argues that his 300- month sentence was based on a marijuana equivalency determination of 4352 kilograms, as set forth in the PSR, and that this amount was attributed to him at sentencing by a preponderance of the evidence in violation of United States v. Booker, 543 U.S. 220 (2005) and Apprendi v. New Jersey, 530 U.S. 466 (2000). Indeed, Petitioner asserts numerous times throughout his brief that the Court sentenced him in violation of Booker.

In Booker, the Supreme Court held that under a mandatory Guidelines regime, "[a]ny fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt." Booker, 543 U.S. at 224. Thus, in preserving an exception for prior convictions, the Court reaffirmed its holding in Apprendi that sentencing courts do not run afoul of the Sixth Amendment in using "the fact of a prior conviction" to enhance a defendant's sentence beyond what is otherwise authorized. United States v. Smith, 451 F.3d 209, 224 (4th Cir. 2006). Moreover, "because § 851 permits judicial factfinding on a defendant's prior convictions, it falls within the prior conviction exception." Id. Based on the allegations as alleged in Count One, Petitioner faced a mandatory minimum of ten year imprisonment. Because Petitioner had previously been convicted of a felony drug offense, however, the Government filed a § 851 notice, thereby increasing the mandatory statutory minimum on Count

11

One twenty years.  Thus, as the Fourth Circuit recognized, this Court did not commit Booker (or Apprendi) error in imposing this mandatory minimum sentence on Count One.  United States v. Williams, 138 F. App'x 553 (4th Cir. 2005).

Nevertheless, Petitioner argues that trial counsel was ineffective in withdrawing his Booker objections to the drug-weight calculations in the PSR.  This argument fails under both prongs of Strickland.  Trial counsel did initially file an objection to the drug-weight calculations in the PSR.  However, he withdrew that objection at sentencing because even if sustained, there would be no impact on his sentence because he faced a mandatory-minimum sentence of 240 months on the drug charges.  Moreover, as trial counsel explained in his affidavit, he concluded that Petitioner's only viable strategy was to continue to cooperate with the United States in the hope that the Government would subsequently move for a downward departure.  In fact, the Court allowed counsel the ability to reassert his objections if the Government later made a motion pursuant to Rule 35.  (Sentencing Transcript at 5.)  Given that Petitioner was facing a minium-mandatory sentence, counsel's tactical decision was not unreasonable.

Petitioner's ineffective assistance of counsel claim fails because Petitioner cannot show that but for counsel's failure to object to the drug weight, the result of the proceedings would have been any different.  Simply stated, even if counsel had successfully challenged the drug-weight calculations and the corresponding Guidelines calculations, the Court would still have been bound by the mandatory-minimum sentence of 240 months on Count One.  Therefore, Petitioner's ineffective assistance of counsel claim is denied.

In his Motion to Amend, which this Court granted, Petitioner argues that his counsel was ineffective at sentencing for stipulating to paragraphs 5 through 21 of the PSR.  Petitioner alleges

that counsel never discussed the stipulation or informed Petitioner that the "basis for determining his guilt was the allegations in these paragraphs." Petitioner contends that if he had known as much, he would "never allowed it to be accepted by the Court." **(**Motion at 2.)

Once again, the record belies Petitioner's claim. When asked if he would stipulate that the offense conduct of the PSR, specifically paragraphs 5 through 21, established a factual basis for the plea, Petitioner's counsel stated that "[t]he defendant filed one objection to paragraph 10 which was relating to quantities but not to involvement. So I would stipulate but for the objections filed, which frankly aren't going to make a difference to the sentence the court enters today, that there is a factual basis as contained in paragraphs 5 through 21 of the presentence report and would suggest that the government be relieved of the obligation to present further evidence today, noting the objections." (Sentencing Transcript at 2.) Indeed, Petitioner admitted that the information contained in the PSR was "true" and that "there ain't no need to argue about it." (Id. at 4.) In light of Petitioner's admission to the contents of the PSR, counsel could not be deficient for stipulating that the PSR established the factual basis for Petitioner's guilty plea. Furthermore, Petitioner has not established how his counsel's performance prejudiced him in that he has not established how his counsel could have rebutted the allegations contained in paragraphs 5 through 21 of the PSR. If counsel had not stipulated as to the factual basis for the plea, the Government would have put the federal agents who provided the information for the PSR on the stand to testify as to those paragraphs. Petitioner does not explain how his counsel would have refuted this evidence. Petitioner specifically objected to the amount of drugs included in paragraph 10 which includes quantities of drugs attributed to Petitioner by a cooperating witness. However, paragraph 21 makes clear that Petitioner's drug calculation excludes the methamphetamine amount that is attributable to the cooperating witness' statement.

13

Indeed, paragraph 21 of the PSR makes clear that the drug calculation includes only the drugs actually seized from Petitioner's residence on May 5, 2001.[5]

Petitioner also alleges that he was prejudiced because the allegations in the PSR formed the factual basis for his firearm conviction and nothing in the PSR references that he "used, carried or brandished" a firearm. (Motion to Amend at 2-3.) Once again, Petitioner admitted that the information contained in the PSR was true. (Sentencing Transcript at 4.) Therefore, Petitioner has not established either prong of the Strickland test and his claim that his counsel was ineffective for stipulating that PSR established the factual basis for Petitioner's guilty plea is denied.

Finally, Petitioner claims that his appellate counsel was ineffective. Although it is difficult to distill Petitioner's specific allegation against appellate counsel, he appears to argue that counsel did not sufficiently raise or argue that his sentence violated Apprendi or Booker. Despite Petitioner's allegation, appellate counsel did raise the issue that this Court had enhanced Petitioner's sentence in violation of Booker. The Fourth Circuit rejected this argument. United States v. Williams, 138 F. App'x 553 (4th Cir. 2005). As such, Petitioner has not established that appellate counsel was deficient and his claim is denied.

### III. ORDER

**THEREFORE, IT IS HEREBY ORDERED** that:

1. Petitioner's Motion to Amend (Doc. 11) is GRANTED;

---

[5] The drug calculation in paragraph 21 of the PSR includes the 37.4 grams of methamphetamine "ICE" found at Petitioner's residence on May 5, 2001 and the 360.4 grams of ephedrine found in the "live" box of ephedrine tablets and in the sixteen tablets seized on the same date. The calculations specifically excluded the quantity of ephedrine attributable to the empty boxes/bottles; the methamphetamine amount that is attributable to Cutshaw's statements; Petitioner's own admissions; and the amount of methamphetamine and precursors seized from Cutshaw when he was arrested in Virginia..

2. Respondent's Motion for Summary Judgment (Document No. 8.) is GRANTED; and

3. Petitioner's Motion to Vacate, Set Aside, or Correct Sentence is DENIED (Document No. 1).

**SO ORDERED**.

Signed: February 19, 2008

Richard L. Voorhees
United States District Judge